NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

MAR 5 2019

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JAMES ROBERT DRURY, | No. 17-17217 |
| Plaintiff-Appellant, | D.C. No. 2:15-cv-02048-CWH |
| v. | |
| BARCELONA HOLDINGS, LLC, DBA Siegel Slots and Suites; et al., | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Nevada
Carl W. Hoffman, Magistrate Judge, Presiding**

Submitted March 1, 2019***

Before:     TROTT, SILVERMAN, and TALLMAN, Circuit Judges.

James Robert Drury appeals pro se from the district court's summary

judgment in his diversity action alleging state law tort claims arising from a dispute

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The parties consented to proceed before a magistrate judge. *See* 28 U.S.C. § 636(c).

\*\*\*      The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

over the allocation of municipally imposed taxes. We have jurisdiction under 28 U.S.C. § 1291. We review de novo, and we may affirm on any grounds supported by the record. *Shanks v. Dressel*, 540 F.3d 1082, 1086 (9th Cir. 2008). We affirm.

Summary judgment was proper on Drury's claims based on his purported entitlement to tax refunds under Clark County Code § 4.08 because Drury failed to raise a genuine dispute of material fact as to whether he was entitled to the funds as a result of defendants' purported overpayment of the county's transient lodging tax. *See* Clark County Code § 4.08.010(b), (c) (transient lodging tax constitutes a debt owed by lodging establishment whether or not establishment passes cost on to guests).

The district court properly granted summary judgment on Drury's claim for "retaliatory eviction" under Nev. Rev. Stat. § 118A.510 because Drury failed to raise a genuine dispute of material fact as to whether Drury suffered damages for which the statute provides a remedy. *See* Nev. Rev. Stat. §§ 118A.390, 118A.510(2) (identifying remedies available to tenant for landlord's violation of § 118A.510(1)); *Paullin v. Sutton*, 724 P.2d 749, 751 (Nev. 1986) (punitive damages not recoverable on retaliatory eviction claim).

The district court did not abuse its discretion by denying Drury's requests for entry of default and default judgment under Fed. R. Civ. P. 55 because defendants appeared and timely filed documents indicating an intent to defend

17-17217

themselves in the action. *See* Fed. R. Civ. P. 55(a) (permitting the entry of default only when a defendant "has failed to plead or otherwise defend"); *Direct Mail Specialists, Inc. v. Eclat Computerized Techs., Inc.*, 840 F.2d 685, 689 (9th Cir. 1988) (default judgment inappropriate if defendant indicates its intent to defend the action); *see also Eitel v. McCool*, 782 F.2d 1470, 1471- 72 (9th Cir. 1986) (setting forth standard of review and discussing process for obtaining default judgment).

We do not consider arguments raised for the first time on appeal or matters not specifically and distinctly raised and argued in the opening brief. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

Drury's arguments on his behalf are meritless to the point of being frivolous. The district court's decisions were supported by the record and correct in all respects.

Drury's request for judicial notice and motion for "pacer access and fee waiver" (Docket Entry Nos. 14, 24) are denied.

**AFFIRMED.**

17-17217